T.C. Summary Opinion 2002-56


UNITED STATES TAX COURT


BENNIE AND CATHERINE DELGARITO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1407-01S.          Filed May 23, 2002.


Bennie and Catherine Delgarito, pro se.

<u>Dennis R. Onnen</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years at issue.

Respondent determined deficiencies of $2,927, $1,943, and $1,470 in petitioners' Federal income taxes, respectively, for 1997, 1998, and 1999 and corresponding penalties under section 6662(a) in the amounts of $585, $389, and $294.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioners' legal residence was Grants, New Mexico.

At trial, petitioners conceded the deficiencies in tax. The sole issue for decision is whether petitioners are liable for the section 6662(a) penalty for each of the years at issue.

Petitioners were both employed during the years at issue. Mr. Delgarito was a mechanic for an electric utility company, and Mrs. Delgarito was an automation technologist for Intel Corp. On their joint Federal income tax returns, petitioners reported total income and claimed itemized deductions as follows:

|  | 1997 | 1998 | 1999 |
| --- | --- | --- | --- |
| Gross income | $61,788 | $56,670 | $54,036 |
| Itemized deductions | 21,433 | 20,292 | 17,251 |

In the notice of deficiency, respondent disallowed the following itemized deductions:

|                                                   | 1997     | 1998     | 1999     |
| ------------------------------------------------- | -------- | -------- | -------- |
| Home mortgage interest                            | $2,016   | $1,667   | --       |
| Charitable contributions                          | 5,359    | 5,040    | $4,586   |
| Unreimbursed employee expenses and tax preparation fees | 9,913 | 9,661 | 7,897 |
| Total amounts disallowed                          | $17,288  | $16,367  | $12,483  |

As a result of these adjustments, respondent determined that petitioners were entitled to the standard deduction under section 63(c) for each year. As noted earlier, petitioners conceded these adjustments, except for the penalties under section 6662(a). With respect to the penalties, petitioners contend they should be absolved of liability for the reason that they reasonably relied on their return preparer, Mr. Robin Beltran (Mr. Beltran).

In the years prior to 1997, petitioners had always utilized the services of a commercial tax return preparation service for preparation of their Federal income tax returns. Their returns had never previously been audited by respondent. For the year 1997 and the years thereafter, upon the recommendation of a coworker of Mrs. Delgarito at Intel Corp., petitioners engaged Mr. Beltran to prepare their Federal income tax returns. Petitioners believed Mr. Beltran was a certified public accountant, although that was never verified, nor did they ever inquire whether that was the case. They presented only minimal

records to Mr. Beltran to substantiate their income and expenses;
however, with respect to the itemized deductions claimed, these
records did not, in any way, come close to equaling the amounts
deducted on the returns.  After their returns were prepared and
presented to them each year, petitioners did not review the
returns, nor did they go over the returns with Mr. Beltran.  When
they subsequently received notices from respondent that their
returns for the 3 years at issue were under audit, Mr. Beltran
advised petitioners "not to worry", and, based on that advice,
petitioners ignored all correspondence they received from
respondent.[2]

Section 6662(a) provides for an accuracy-related penalty
equal to 20 percent of any portion of an underpayment of tax
required to be shown on the return that is attributable to the
taxpayer's negligence or disregard of rules or regulations.  Sec.
6662(a) and (b)(1).  Negligence consists of any failure to make a
reasonable attempt to comply with the provisions of the Internal
Revenue Code and disregard consists of any careless, reckless, or
intentional disregard.  Sec. 6662(c).  The courts have refined
the Code definition of negligence as a lack of due care or

[2]    This case is one of numerous cases heard by the Court
involving tax returns prepared by Mr. Beltran, which essentially
involve the same inflated deductions.  At some point in the audit
process, Mr. Beltran ceased all communications with his former
clients.

failure to do what a reasonable and prudent person would do under similar circumstances. <u>Allen v. Commissioner</u>, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989). Section 1.6662-3(b)(1), Income Tax Regs., provides that "Negligence is strongly indicated where * * * a taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction * * * on a return which would seem to a reasonable and prudent person to be 'too good to be true' under the circumstances."

An exception applies when the taxpayer demonstrates (1) there was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c). Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances. The most important factor is the extent of the taxpayer's effort to assess the proper tax liability. <u>Stubblefield v. Commissioner</u>, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs. Under section 1.6664-4(b)(1), Income Tax Regs., "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Moreover, a taxpayer is generally charged with knowledge of the law. <u>Niedringhaus v. Commissioner</u>, 99 T.C. 202, 222 (1992). Although a taxpayer is not subject to the addition

to tax for negligence where the taxpayer makes honest mistakes in complex matters, the taxpayer must take reasonable steps to determine the law and to comply with it.  Id.

Under certain circumstances, a taxpayer may avoid the accuracy-related penalty for negligence where the taxpayer reasonably relied on the advice of a competent professional. Sec. 1.6664-4(b)(1), Income Tax Regs.; sec. 6664(c); Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).  However, reliance on a professional adviser, standing alone, is not an absolute defense to negligence; it is only one factor to be considered.  In order for reliance on a professional adviser to relieve a taxpayer from the negligence penalty, the taxpayer must establish that the professional adviser on whom he or she relied had the expertise and knowledge of the relevant facts to provide informed advice on the subject matter.  Freytag v. Commissioner, supra at 888.

Petitioners made no effort to ascertain the professional background and qualifications of their return preparer, Mr. Beltran.  They did not review the returns prepared by Mr. Beltran.  Petitioners clearly did not make a reasonable effort to determine whether their returns were accurate.  Petitioners made no effort to contact other tax professionals to verify the accuracy of the returns prepared by Mr. Beltran.  The Court is satisfied from the record that Mr. Beltran knew, or had reason to

know, all the relevant facts upon which, had he been a qualified professional, he could have accurately advised petitioners on the amount of their allowable deductions. Mr. Beltran never sought the correct amount of petitioners' charitable contributions and employee business expenses, and the documentary evidence petitioners offered, by their admission, did not come close to the amounts claimed on the returns. The Court is further satisfied that petitioners knew they were required under the law to substantiate deductions claimed on their returns and, moreover, given the fact that they had only submitted minimal records to Mr. Beltran, they had every reason to examine the returns prepared by Mr. Beltran for accuracy, which they failed to do. Petitioners, therefore, made no effort to assess their tax liability correctly. On this record, the Court sustains respondent on the section 6662(a) accuracy-related penalties for the years in question.

Section 6673(a) authorizes the Court to require a taxpayer to pay to the United States a penalty not exceeding $25,000 when, in the Court's judgment, proceedings have been instituted or maintained by the taxpayer primarily for delay or where the taxpayer's position in the proceeding is frivolous or groundless. Although petitioners conceded the deficiencies, the Court considers petitioners' claim that they should not be liable for the section 6662(a) penalties to be frivolous and groundless.

Petitioners should have known that a substantial portion of the itemized deductions at issue were false and could not be sustained.  The documentation they provided to Mr. Beltran in substantiation of their claimed deductions was for amounts far less than what was reported on the returns.  Petitioners knew that they could deduct only amounts that they had actually paid. They made no attempt to determine the qualifications of their return preparer and, moreover, did not even examine the returns once they were prepared.  Petitioners cited no legal authority to the Court that, under similar facts, would exonerate them from the penalties under section 6662(a).

The function of this Court is to provide a forum to decide issues relating to liability for Federal taxes.  At trial, petitioners realized that they had no case with respect to the deficiencies but continued to challenge the imposition of the penalties under section 6662(a).  Any reasonable and prudent person, under the facts presented to the Court, should have known that the claimed deductions could not have been sustained, and petitioners knew that.  This Court does not and should not countenance the use of this Court as a vehicle for a disgruntled litigant to proclaim the wrongdoing of another, their return preparer, as a basis for relief from a penalty that was determined by respondent on facts that clearly are not sustainable.  Golub v. Commissioner, T.C. Memo. 1999-288.

Petitioners, therefore, have interfered with the Court's function to the detriment of other parties having cases with legitimate issues for the Court to consider. Petitioners have caused needless expense and wasted resources, not only for the Court, but for its personnel, respondent, and respondent's counsel. Under these circumstances, the penalty under section 6673 is warranted, and petitioners will be ordered to pay a penalty of $500 to the United States under section 6673(a).

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>